**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHNNY LEE WARREN, | No. 13-15890 |
| Plaintiff - Appellant, | D.C. No. 4:11-cv-00340-FRZ |
| v. | |
| CLARENCE W. DUPNIK, et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Frank R. Zapata, District Judge, Presiding

Submitted September 23, 2014[**]

Before:     W. FLETCHER, RAWLINSON, and CHRISTEN, Circuit Judges.

Arizona state prisoner Johnny Lee Warren appeals pro se from the district

court's judgment in his 42 U.S.C. § 1983 action alleging constitutional violations

while in county detention. We have jurisdiction under 28 U.S.C. § 1291. We

review de novo. *Bruce v. Ylst*, 351 F.3d 1283, 1287 (9th Cir. 2003) (summary

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

judgment); *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A). We may affirm on any basis supported by the record, *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008), and we affirm.

The district court properly granted summary judgment on Warren's First Amendment claim regarding the 28-day period while Warren awaited approval for a pork-free diet because Warren failed to raise a genuine dispute of material fact as to whether the verification requirements were not reasonably related to legitimate penological interests and unduly burdened Warren's ability to exercise his religion. *See Resnick v. Adams*, 348 F.3d 763, 768-71 (9th Cir. 2003) (requiring an application to provide a religious diet does not unduly burden a prisoner's right to practice his religion); *Ward v. Walsh,* 1 F.3d 873, 877 (9th Cir. 1993) (recognizing simplified food service as a legitimate penological interest); *see also Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (discussing the requirements for establishing supervisory liability).

The district court did not abuse its discretion by granting summary judgment without ordering further discovery because Warren did not establish how additional discovery would have affected the disposition of his case. *See* Fed. R. Civ. P. 56(d); *Barona Grp. of the Capitan Grande Band of Mission Indians v. Am.*

*Mgmt. & Amusement, Inc.*, 840 F.2d 1394, 1399-1400 (9th Cir. 1987) (setting forth standard of review and explaining that movant must show specific facts he hopes to discover and how those facts would preclude summary judgment).

Dismissal of Warren's Eighth Amendment claims was proper because Warren failed to allege facts sufficient to show that he was placed at substantial risk of serious harm by the 28-day delay in approval of a pork-free diet. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) ("[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety. . . ."); *LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993) (Eighth Amendment requires only that prisoners receive food that is adequate to maintain health).

Dismissal of Warren's equal protection claim was proper because Warren failed to allege facts sufficient to show that defendants intentionally discriminated against him based on his religion by not offering Friday religious services. *See Thornton v. City of St. Helens*, 425 F.3d 1158, 1166 (9th Cir. 2005) (to state an equal protection claim, "a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class" (citation and internal quotation marks omitted)); *see also Cruz v.*

*Beto*, 405 U.S. 319, 322 n.2 (1972) (per curiam) (a prisoner's reasonable opportunity to pursue his faith does not ensure facilities or personnel identical to other religious groups).

We reject Warren's contention that the district court erred by not considering on summary judgment his unsupported claim that the 28-day delay caused him to develop additional health problems, or by not considering his alleged state constitutional claims.

Warren's motion for appointment of appellate counsel, filed on July 21, 2014, is denied.

**AFFIRMED.**

13-15890